UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JENAL CAMACHO and JUAN CAMACHO,

                         Plaintiffs,               

        -against-                                  **COMPLAINT**

                                                            *Jury Trial Demand*

THE CITY OF NEW YORK,
JOHN AND JANES DOES 1-3,

                        Defendants.
-------------------------------------------------------------------X

The plaintiffs, JENAL CAMACHO and JUAN CAMACHO by their attorney, **ROBERT BLOSSNER, ESQ.**, complaining of the defendants respectfully alleges, upon information and belief:

1. Plaintiffs JENAL CAMACHO and JUAN CAMACHO is a resident of the Bronx, County of Bronx, and State of New York.

2. Defendant *CITY OF NEW YORK ("CITY")* is a municipal corporation who oversees the NYPD.

3. Defendants *JOHN and JANE DOES 1-3* are/were NYPD officers at the time of the incident.

4. On October 6, 2021, at approximately 6 a.m., plaintiffs were inside their home when they heard a commotion outside their front door at their home.

5. Before they could ascertain what transpired, John Doe defendants busted down their door and entered their apartment.

6. The individual defendants threw plaintiffs on the floor and ransacked their

apartment.

7. Plaintiff Jenal was dragged into the bedroom and a female defendant officer placed her fingers inside plaintiff Jenal's rectum apparently looking for something.

8. The individual defendants then took plaintiffs into the living room and handcuffed them.

9. The individual defendants then asked plaintiff Jenal what was inside an urn looking box, plaintiff Jenal told them not to touch it because it contained her mother and sister's ashes. However, without any regard to the sentimental nature of the box, the defendants threw it on the floor scattering the ashes.

10. All the while both plaintiffs were handcuffed and even though plaintiff Jenal stated that her wrist were really hurting, the individual defendants did nothing to loosen the handcuffs.

11. The defendants destroyed everything inside their apartment and even though they were only partially clothed, they were led outside their apartment in view of their neighbors.

12. After more than 4 hours of this ordeal, the defendants simply said sorry for the inconvenience and left.

13. Plaintiff Jenal suffers permanent injuries to her hands.

## CONDITIONS PRECEDENT

14. Plaintiffs have complied with the notice of claims requirement by duly serving

a notice of claim, appearing for a 50-h hearing and commencing this action within one year and ninety days from the date of the incident. The *CITY* has failed to or otherwise ignored to settle or adjust these claims.

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Seizure under 42 U.S.C. 1983)

15. Plaintiffs repeat and reallege all of the foregoing paragraphs as if fully set forth herein.

16. Defendants *JOHN and JANE DOES 1-3* unlawfully entered plaintiff's apartment, seized them and used excessive force against Jenal.

17. As a result of defendants' conduct plaintiff suffered constitutional injuries.

### AS AND FOR A SECOND CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

18. Plaintiffs repeat and reallege all of the foregoing paragraphs as if fully set forth herein.

19. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein that caused plaintiff's irreparable physical and emotional injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Municipal Liability against the CITY)

20. Plaintiffs repeat and reallege all of the foregoing paragraphs as if fully set forth herein.

21. Defendants, collectively and individually, while acting under color of state

law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

22. The aforementioned customs, usages, and practices of the *CITY* included, but were not limited to, arresting, assaulting individuals suspected of crimes without due process. In addition, the *CITY* engaged in a custom or practice of inadequate screening, hiring, retaining, training, disciplining and supervising its employees, which was the moving force behind the violation of Plaintiff's rights as described herein.

23. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the officer seeking to make an arrest routinely ratified such arrests without questioning the facts underlying same.

24. Furthermore, the individual defendants have a practice and custom of ignoring the mandates of the patrol guide, which requires them to prepare several forms before, and after an arrest is made. As a result of the failure of the *CITY* to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein

## AS AND FOR A FOURTH CAUSE OF ACTION
(Unlawful imprisonment)

25. Plaintiffs repeat and reallege all of the foregoing paragraphs as if fully set forth herein.

26. Defendants *JOHN and JANE DOES 1-3* confined plaintiffs.

27. Plaintiffs were aware of their confinement and did not consent to the

confinement which confinement was neither privileged nor lawful.

28. As a result of defendants' conduct plaintiffs suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Assault and Battery)

29. Plaintiffs repeat and reallege all of the foregoing paragraphs as if fully set forth herein.

30. The DOE Defendants committed acts that caused harm to plaintiffs.

31. The DOE Defendants intended to inflict injury or pain on plaintiffs.

32. As a reason of the assault by the DOE Defendants plaintiffs were apprehensive and suffered physical and emotional injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Harassment)

33. Plaintiffs repeat and reallege all of the foregoing paragraphs as if fully set forth herein.

34. The DOE and/or named Defendants intended to harass, annoy or alarm plaintiffs.

35. These defendants acted in a way that caused plaintiffs to be harassed, annoyed and alarmed.

36. As a result of their conduct, plaintiffs suffered and continues to suffer mental and physical injuries.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York and Substantive Due Process Violation)

37. Plaintiffs repeat and reallege all of the foregoing paragraphs as if fully set

5

forth herein.

38. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

39. The aforementioned conduct was committed by DOE Defendants while acting within the scope of their employment by Defendant City.

40. The aforementioned conduct was committed by DOE Defendants while acting in furtherance of their employment by Defendant City.

41. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiffs and violate their substantive due process rights.

42. As a result of the aforementioned conduct, Plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Screening, Training, Hiring, and Retention under the laws of the State of New York)

43. Plaintiffs repeat and reallege all of the foregoing paragraphs as if fully set forth herein.

44. Defendant City owed a duty to individuals like plaintiff to properly screen, train, hire and then appropriately discipline its employees.

45. Defendant City breached its duty and failed to use reasonable care in the screening, hiring, retraining and retention of the aforesaid individual DOE Defendants who conducted and participated in the violation of Plaintiffs' rights.

46. As a result, plaintiffs suffered injuries.

### AS AND FOR A NINETH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

47. Plaintiffs repeat and reallege all of the foregoing paragraphs as if fully set forth herein.

48. Defendant City owed a duty to individuals like plaintiffs.

49. Defendant City breached its duty when individual DOE Defendants engaged in and participated in the violation of Plaintiffs' rights.

50. As a result, plaintiffs suffered injuries.

51. Plaintiffs' physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendant and their employees and agents, who were on duty and acting in the scope of their employment engaging in the wrongful conduct described herein.

### AS AND FOR A TENTH CAUSE OF ACTION
(Fourth and Fourteenth Amendments- unlawful seizure/imprisonment/excessive force)

52. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53. DOE Defendants used force and brute to arrest plaintiffs and physically assaulted them.

54. Defendants conduct was "repugnant to the conscience of mankind" and caused serious physical and emotional injuries to plaintiffs.

WHEREFORE, Plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) Full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for each plaintiff against defendants (individually or collectively) or as determined by a jury;

(B) Punitive damages in an amount to be determined by a jury;

(C) Reasonable attorney's fees and the costs, expenses and disbursements of the action; and

(D) Such other and further relief as appears just and proper.

Dated: New York, New York
 NOVEMBER 20, 2023

Respectfully,

_____
ROBERT BLOSSNER, ESQ.
Attorneys for Plaintiff
20 Vesey Street, Suite 1410
New York, New York 10007
Tel. No.: (212) 571-0805